

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-90, 850-01, WR-90,850-02, WR-90,850-03, & WR-90,850-04

### EX PARTE BYRON EARL BUSH, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 14-19647-A, 14-19648-A, 07-01499-A , & 07-01730-A
### IN THE 252ND DISTRICT COURT FROM JEFFERSON COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of two counts of attempted murder and two counts of possession of a controlled substance. He was sentenced to forty years' imprisonment in each cause. The Thirteenth Court of Appeals affirmed his convictions. *Bush v. State*, Nos. 13-17-00389-CR & 13-17-390 (Tex. App.—Corpus Christi-Edinburg Aug. 23, 2018) and *Bush v. State*, No. 13-17-00386-CR & 13-17-00387-CR (Tex. App.—Corpus Christi-Edinburg Aug. 23, 2018). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that appellate counsel was ineffective by failing to raise various claims on direct appeal. Applicant has alleged facts that, if true, might entitle him to relief. *Smith v.*

*Robbins*, 528 U.S. 259 (2000); *Ex parte Miller*, 330 S.W.3d 610 (Tex. Crim. App. 2009). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order appellate counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed:        April 1, 2020
Do not publish